## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JOHN J. DANIELS,

      **Plaintiff,**

**vs.**                    **Case No. 4:20-cv-00246-WS-MAF**

STEVEN S. CLOUD,
et al.,

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, ECF NO. 22

This Cause comes before the Court upon Plaintiff's latest filing, construed as a motion for a preliminary injunction and temporary restraining order. ECF No. 22.

Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. 1983 against numerous defendants alleging excessive force, failure to protect, violations of due process, retaliation, and deliberate indifference to a serious medical need. ECF No. 1. Particularly, Plaintiff alleged excessive force by Defendants Cloud, Davis, and Copeland for an incident occurring on April 18, 2017, at Liberty Correctional Institution. Id. In the interim, Plaintiff filed the instant motion for injunctive relief, ECF No. 22. It is worth noting, the Court reviewed the initial Complaint and found it insufficient because it

amounted to an impermissible shotgun pleading and did not comport with the Rules governing these proceedings. ECF No. 23. The Court ordered Plaintiff to amend. Id. Accordingly, the Court addresses the instant motion, ECF No. 22.

## I. Plaintiff's Allegations in the Motion for Injunctive Relief, ECF No. 22.

In his motion for injunctive relief, Plaintiff claims that in retaliation for filing this lawsuit there are individuals who are now retaliating against him. Id., p. 4. Plaintiff alleges that in 2017, he was stabbed by an unknown person because he reported the use of excessive force by Defendants Cloud and Davis; and the report resulted in Defendants getting fired, arrested and tried. Id. Plaintiff believes that Defendants have friends and family who work at Calhoun Correctional Institution, where he is currently housed. Id. Plaintiff believes that it is possible that his unknown attacker is also housed at Calhoun and may hurt him again. Id. Plaintiff claims that due to the publicity of the trial and the proximity of Calhoun to where the events and trial occurred, he is at risk for retaliation. Id., p. 5. Plaintiff claims that Sergeant Higgins, not a party to this suit, labeled Plaintiff a "snitch"; therefore, Plaintiff is not safe at Calhoun. Id.

Plaintiff claims that since his arrival to Calhoun four months ago, he was punched in the head by A-Dorm Sergeant Wells and was subjected to searches by Sergeant Lemmon and Officer McCoy in H-Dorm; and Plaintiff claims that Lemmon beat him. Id., p. 6. These individuals are not named parties in this suit; and Plaintiff provides no approximate dates for these incidents. Id. Plaintiff admits he has not reported these issues to the prison. Id. Plaintiff claims that unnamed inmates have also beat him. Id., p. 7. Plaintiff alleges that Captain Williams threatened to take away Plaintiff's pens. Id. Plaintiff's requests for a protective classification have been denied. Id., p. 9. Plaintiff asks the Court to transfer him to a private correctional facility but makes no request for relief against any named defendant nor does he raise any allegations against any named defendant. Id.

## II.   Standard of Review

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. See California v. American Stores

Co., et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agriculture, 734 F.2d 774 (11th Cir. 1984).

In order for Plaintiff to be entitled to a preliminary injunction, he must show:

1. a substantial likelihood of success on the merits;

2. the order is necessary to prevent irreparable injury;

3. the threatened injury outweighs the harm that the order would cause to the non-movant; and

4. the order is not adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in Winter. See Madera v. Detzner, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing Winter as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*.

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

<u>Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville</u>, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. <u>See</u> <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842 (11th Cir. 1995); <u>see</u> Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

## III.   Discussion

First, there is no substantial likelihood of success on the merits regarding the majority of the individuals named in this motion for injunctive relief because there is no pending civil action against them; and they are not named defendants in this case. This Court does not have the authority to bind individuals who are not parties to this action (nor are they otherwise

referenced in the complaint) with a preliminary injunction or temporary restraining order to transfer Plaintiff to a private correctional facility.

Second, to the extent Plaintiff pursues the injunction against the Defendant Secretary of the Florida Department of Corrections, with the authority to transfer his prison assignment, Plaintiff has failed to show the type of imminent danger of irreparable harm necessary to support the issuance of a preliminary injunction or temporary restraining order. Plaintiff's allegations against the named Defendants in his Complaint involve incidents occurring at Liberty Correctional Institution and not Calhoun. Plaintiff has not demonstrated a clear and present need for an injunction. Similarly, Plaintiff's allegations about the assaults he suffered while at Calhoun are not only bare and conclusory but do not involve the Defendants in this case, although Plaintiff believes they are related. Yet, this is highly speculative.

The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the prison officials because the issuance of the requested injunction would severely undermine the authority of correctional facilities. It is well settled that inmates do not have a constitutional right against being transferred to another institution, have no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018) (citing

Meachum v. Fano, 427 U.S. 215, 223-24 (1976)); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976); cf. Beltran v. Smith, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion.").

This Court should be hesitant to interfere with the administrative processes of a prison. "Granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate." Brown v. Anglin, 2016 U.S. Dist. LEXIS 158113, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016), report and recommendation adopted sub nom. Brown v. Holland, 2016 U.S. Dist. LEXIS 158110, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016). "[C]ourts are ill-equipped to deal with" the complexities of prison administration. Lawson v. Singletary, 85 F.3d 502, 510 (11th Cir. 1996). Essentially, granting the relief requested by Plaintiff would provide the inmate with the means within which to dictate prison housing assignments. Prison assignments are

a function wholly within the discretion of prison authorities. Olim, 461 U.S. at 245.

Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.

Because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

One final consideration, the Court is not unsympathetic to Plaintiff's allegations. However, Plaintiff admits that he has not exhausted his administrative remedies relating to the allegations against non-parties in this motion for injunctive relief. ECF No. 22, p. 6. Plaintiff did not present jail officials with the allegations he submits within this motion. ECF No. 22, p. 6. The PLRA requires a prisoner to exhaust his administrative remedies before filing a civil rights action. 42 U.S.C. § 1997(e); Porter v. Nussle, 534 U.S. 516, 524 (2002); Gould v. Owens, 383 F. App'x 863 (11th Cir. 2010). Plaintiff may not circumvent the PLRA nor may he avoid the filing of a proper Section 1983 complaint by opting to file a motion for injunctive relief. Plaintiff is advised that he may seek an adequate remedy against any of the persons who allegedly assaulted him or otherwise violated his constitutional rights by filling a proper and separate civil action following the exhaustion of his

administrative remedies. Such actions are subject to separate case numbers and filing fees.

## IV.    Conclusion and Recommendation

It is respectfully recommended that Plaintiff's motion for injunctive relief, ECF No. 22, be DENIED with prejudice. The Clerk is directed to remand the case to the Undersigned Magistrate Judge for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on September 30, 2020.

**s/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).