## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JOHN J. DANIELS,**

      **Plaintiff,**

**vs.**                       **Case No. 4:20-cv-00246-WS-MAF**

**STEVEN S. CLOUD,**
**et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, a prisoner proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* (IFP). ECF Nos. 1, 12. For the reasons stated below, the case should be dismissed without prejudice for Plaintiff's failure to prosecute his case and failure to comply with court orders or, alternatively, as an impermissible shotgun pleading. The procedural history of this case warrants discussion.

### I.   Relevant Procedural History

Plaintiff initiated this case on May 6, 2020, by submitting a 115-page[1], unsworn complaint against eight defendants and "other defendants to be

---

[1] Plaintiff's complaint is 34 pages with the remainder consisting of exhibits.

named later upon newly discovered information." ECF No. 1, pp. 1-4. The Court directed Plaintiff to file an application packet to proceed *in forma pauperis* or to otherwise pay the filing fee and gave him multiple extensions of time within which to comply. ECF Nos. 5, 7, 14, 17, 19. Plaintiff eventually complied on September 15, 2020.

The Court conducted an initial review of the complaint and determined that Plaintiff's complaint was insufficient because: (1) the complaint failed to comply with the federal and local rules regarding page limitations and as unsworn; (2) the complaint amounted to an impermissible shotgun pleading; and (3) the claims were, apparently, improperly joined. ECF No. 23. The Court informed Plaintiff the complaint was insufficient as filed and provided directives advising Plaintiff of the deficiencies and rules. Id. The Court ordered Plaintiff to amend by October 29, 2020, and provided him with the necessary forms. Id. The Court warned Plaintiff that failure to comply with the Court's orders might result in a recommendation of dismissal of his action. Id., p. 11. Plaintiff sought two extensions of time, which the Court granted. ECF No. 25, 26, 29, 31. Plaintiff's amended complaint was due by November 27, 2020. ECF No. 31. With each order, the Court warned Plaintiff that failure to comply with Court orders could result in dismissal pursuant to

Fed. R. Civ. P. 41(b). ECF Nos. 26, 31. As of the date of the drafting of this Report, Plaintiff has failed to comply.

## II.    Discussion

### A.    Plaintiff's Complaint, ECF No. 1

The Complaint is no model of clarity and greatly exceeds the 25-page limit. ECF No. 1. As best as can be determined, on April 18, 2017, while housed at Liberty Correctional Institution, Defendants Cloud, Davis, and Copeland hid Plaintiff in a storage closet, sprayed him with chemicals, and refused him access to shower for about ten to fifteen minutes afterward. ECF No. 1, pp. 9-10, 17-19. Plaintiff alleges they threatened him with harm if he reported the incident, conspired to and filed false incident reports, and refused him access to medical care following the assault. Id., pp. 9-10, 19-20. Plaintiff alleges these defendants used excessive force, falsely imprisoned him, failed to protect him, and, violated his violated his rights under the Eighth Amendment and his right to Due Process. Id., pp. 27-28.

Plaintiff claims that when he testified against Cloud and Davis at their criminal trials, guards at various other prison facilities retaliated against him. Id., 14. For example, while housed at "Cross City," Plaintiff alleges that on March 3, 2018, at 2:00 a.m., Sergeant Rhodes, Officer Cook, and Officer Clayton, entered his cell and beat Plaintiff and his cell mate; Plaintiff suffered

broken ribs. Id., pp. 21-23, 89-90. However, these officers are not named as defendants in the complaint. Additionally, Plaintiff generally alleges retaliation by unnamed persons who beat him at "Cross City," threatened and assaulted him at several prisons, submitted frivolous disciplinary reports against him resulting in the denial of gain time, denied him access to the law library, and placed him in a cell without lights for several days. Id., p. 92.

Plaintiff claims that he was attacked by a fellow inmate on April 8. According to Plaintiff, he sought treatment; and Defendant Pickens, a nurse, was deliberately indifferent to the cut on Plaintiff's arm, which required medical treatment, and failed to file an incident report for two days following the attack. Id. As a result, Plaintiff has a six-inch scar. Id., p. 12. Plaintiff claims this deliberate indifference to a serious medical need is a violation of the Eighth Amendment.

Plaintiff also sues the Florida Department of Corrections (FDC); the warden; Julie Jones, former Secretary of the FDC; and the State of Florida Public Employees Relations Commission (Florida PERC). Id., p. 3. Plaintiff claims that as an employer, FDC should be held accountable for Cloud's actions and should have fired Cloud for an undescribed incident that occurred in 2016. Id., p. 13. Plaintiff alleges that Defendant Jones is responsible for being the "boss of the agency." Id., p. 14. Plaintiff seems to

raise a failure to supervise claim against Defendant Warden. Id., p. 30. Plaintiff makes no clear allegations against the Florida PERC. Id., p. 16. Plaintiff does not provide any factual allegations of any act or omission involving the FDC, the warden, former-Secretary Jones, or Florida PERC. Id.

Lastly, Plaintiff makes seemingly unrelated claims alleging denial of proper dental care. Id., p. 93. Plaintiff has few teeth and requires dentures. Id. Plaintiff attributes the lack of dental care to no one and provides no set of facts to support this claim. Id. He claims he is entitled to the dentures under the Americans with Disabilities Act (ADA).

Plaintiff seeks $50,000 in compensatory damages; $50,000 in punitive damages; and $50,000 in nominal damages – all against each defendant, jointly and severally. Id., p. 30. Plaintiff also seeks injunctive relief:

1. a prohibition of harassment, although Plaintiff is no longer housed at any facility mentioned in his Complaint;

2. a set of dentures authorized under the ADA;

3. transfer to a private prison or another state prison to prevent further retaliation; and

4. reinstatement of his loss of gain time resulting from the disciplinary reports.

Id., pp. 94-95. Plaintiff seeks the appointment of counsel. Id., pp. 95, 106-07.

B. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint that fails to comport with the Rules.

Finally, in each of its orders directing Plaintiff to amend and refile the IFP application, the Court warned him that failure to comply with court orders would result in a recommendation to dismiss this action. The Court has provided Plaintiff liberal opportunity to comply, now six months, but to no avail. Rather than comply with court orders, Plaintiff has filed numerous

motions of inquiry, declarations, requests for counsel. See ECF Nos. 6, 8, 9, 10, 13, 21, 27, 30. Plaintiff has failed to prosecute his case and failed to comply with Court orders. Dismissal is warranted.

### C. Shotgun Pleadings are Not Permissible.

The leniency afforded to *pro se* litigants does not permit them to file an impermissible "shotgun" pleading. The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type of shotgun pleading is a "complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. The next most common type is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. The third type of shotgun pleading is one that does not separate into a different count each cause of action or claim for relief. Id. Fourth, and finally, there is the relatively rare shotgun pleading that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. Id.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010).

Shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted). The Eleventh Circuit, thus, has established that shotgun pleading is an unacceptable form of establishing a claim for relief. Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 (11th Cir. 2002).

Here, the Complaint is largely a rambling narrative; and each written line is numbered rather than per paragraph as directed by Rule 10(b). "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id.

(citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

As narrated above, Plaintiff brings forward claims against certain defendants but provides no set of facts for any acts or omissions attributable to them. Alternatively, many of Plaintiff's retaliation allegations are attributable to no particular individual(s) on no specific date(s) at no named institution(s).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Plaintiff must allege the facts which support the claim raised against each defendant. Legal conclusions are insufficient. As the Court noted in prior orders, Plaintiff's complaint was legally insufficient. A complaint under Section 1983 must assert facts showing how Plaintiff's constitutional rights are impacted. See N.D. Fla. Loc. R. 5.7(B) ("A [*pro se* civil rights] . . . complaint . . . must set out specific claims and supporting facts . . . "); see also Federal Rules of Civil

Procedure 8 and 10. Plaintiff's complaint is the quintessential shotgun pleading and may be dismissed on this basis.

D. Misjoinder

Plaintiff was also advised by the Court of the futility of raising claims that improperly join parties in an action. Federal Rule of Civil Procedure 20(a)(2) provides that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a "question of law or fact common to all defendants in the action. Fed. R. Civ. P. 20(a)(2). Both prongs of the test must be met for joinder to be appropriate.

However, here, it is not readily apparent how Plaintiff's various claims arise from the same transaction. A lawsuit against multiple defendants based on unrelated events would create case management problems, prejudice the defendants, and be fundamentally unfair. For example, it is unclear how Pickens' actions are related to the incident involving Cloud, Davis, and Copeland. Similarly, it is unclear how Plaintiff's request for dentures or dental care is related to any other incident articulated in the Complaint. Thus, such claims might be properly dismissed. At the very least, because of the

unrelated occurrences that give rise to these claims, it is likely that Defendants will present unique defenses that will require different evidence. Claims arising out of unrelated transactions or occurrences must be filed as separate actions subject to different case numbers and filing fees. For this reason, the complaint should be dismissed.

    E. <u>ADA Claims are Generally Not Cognizable in a § 1983 Action</u>.

       Finally, in order to state a claim under the ADA, a plaintiff must allege (1) that he or she suffers from a disability, (2) is a qualified individual, and (3) that a "covered entity" discriminated against him on account of his disability. <u>Cramer v. Florida</u>, 117 F.3d 1258 (11th Cir. 1997) (citing <u>Holbrook v. City of Alpharetta</u>, 112 F.3d 1522, 1526 (11th Cir. 1997)). Plaintiff seemingly raises claims for dental treatment under the ADA but provides no set of facts to properly state an ADA claim. Still, "a plaintiff may not maintain a § 1983 action in lieu of-or in addition to-a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the [individual's] rights created by the Rehabilitation Act and the ADA." <u>Holbrook v. City of Alpharetta, Ga</u>., 112 F.3d at 1531. The comprehensive remedial framework of the ADA forecloses an action under § 1983 based solely on rights created by the ADA. <u>Id</u>. Accordingly, any ADA claims should be dismissed.

## III.    Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Alternatively, the Court may dismiss the complaint as an impermissible shotgun pleading, or for misjoinder, and because ADA claims are not cognizable under 42 U.S.C. § 1983. Finally, it is recommended that the case be CLOSED.

IN CHAMBERS at Tallahassee, Florida, on December 1, 2020.

/s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on

appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).